UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22416-MC-SIMONTON

IN THE MATTER OF THE EXTRADITION
OF JACQUES PELLETIER
_____/

**ORDER DENYING MOTION TO SET CONDITIONS OF RELEASE**

Presently pending before the Court is Jacques Pelletier's Motion To Set Conditions of Release (DE # 15). The motion is fully briefed (DE ## 16, 19, 25). A hearing on the motion was held on October 28, 2009. For the reasons stated below, the motion is denied.

I. **Background**

On August 17, 2009, the United States filed a Complaint for the Provisional Arrest of Jacques Pelletier, with a view toward Extradition to Portugal (DE # 1). On the same day, a warrant was issued for Pelletier's arrest (DE # 2), and Pelletier made his initial appearance on the same day (DE # 5). The Portuguese government seeks Pelletier's extradition to answer charges of narcotics trafficking. On September 12, 2007, a Portuguese court issued a warrant for Pelletier for drug trafficking.

On September 28, 2009, Pelletier filed the instant motion (DE # 15). On October 14, 2009, the government filed the original extradition request and supporting documents in this matter (DE # 17). Pursuant to this Court's October 23, 2009 Scheduling Order (DE # 22), on October 26, 2009, the United States filed a memorandum of law in support of the extradition (DE # 23). Pelletier's response in opposition was filed on November 2, 2009 (DE # 26), the government's reply is due on November 16, 2009, and on November 17, 2009, a status and scheduling conference will be held to set the date for a final extradition hearing (DE # 22).

II. Pelletier's Motion

Pelletier asks this Court to release on bond him based upon his lack of a criminal record, his age of 71 years, his alleged serious health problems, and his history of being a stable businessman who has lived in Quebec for almost his whole life, and who has lived in the same house for the past twenty years. Pelletier suggests that this Court impose a $200,000 corporate surety bond and a $1,000,000 personal surety bond to be cosigned by his wife. Pelletier also offers to use his three family homes, which he owns free and clear, as collateral. He will also surrender his passport and sign a waiver of extradition from Canada. He would also live in a rented apartment in Miami, check in daily by telephone with pretrial services, and be subject to 24 hour house arrest, except for meetings with his lawyers, medical visits and Court attendance, as well as electronic monitoring, at his own expense (DE # 15 at 1-3, 13). Initially, Pelletier contends that he is not a risk of flight or a danger to the community (DE # 15 at 5-9). Pelletier also contends that there are special circumstances warranting his release: 1) the substantial likelihood that he will succeed on the merits; 2) his age, health and deteriorated physical status due to incarceration; and 3) his standing in the community, including his complete lack of criminal history, the substantial property that he can and will post, and the fact that he has been living openly under his name in the same house in Canada for approximately 20 years (DE # 15 at 9-13).[1]

The government responds in opposition that there is a presumption against bail in international extradition proceedings, and that bail should only be granted under the most unusual circumstances (DE # 16 at 1-3). The government further contends that

---

[1] **At the October 28, 2009 hearing, Pelletier's counsel withdrew his argument that bail should be granted because the extradition proceeding would be lengthy.**

2

**Pelletier has not shown special circumstances sufficient to qualify for bail. For example, the courts have held that being a good bail risk; the discomfort of sitting in jail, the need to consult with an attorney, financial and emotional hardship and not being a flight risk are not special circumstances. Moreover, advanced age and/or infirmity are not necessary special circumstances (DE # 16 at 3-4). Specifically, the government asserts that Pelletier has not shown special circumstances because the extradition request provides probable cause supporting extradition (DE # 16 at 5-7). Moreover, the government contends that Pelletier is a flight risk, as he left Portugal six days ahead of schedule and one day after the drug boat was seized. Furthermore, Pelletier has no ties to South Florida, and was arrested traveling from Canada to the Dominican Republic (DE # 16 at 7).**

**Pelletier replies that his character and background should constitute a special circumstance, in that he is a well-respected business man in Canada who has never been convicted of a crime, and who has lived in the same area of Canada for his whole life and in the same home for over 15 years (DE # 19 at 2). Pelletier also contends that the government is unlikely to be able to establish probable cause (DE # 19 at 3-4).**

      **III.  The Hearing**

`     **At the October 28, 2009 hearing, counsel for Pelletier expanded on his position that there is a substantial likelihood that Pelletier will succeed on the merits. Counsel argued that the extradition request does not satisfy the dual criminality requirement of the extradition treaty because the ship carrying the cocaine, the Lady Mary, was not seized in Portuguese territorial waters; and there was no evidence that the drugs were intended for Portugal. Moreover, Pelletier's counsel contended that the testimony of the boat's captain, Captain Gordon, in the Portuguese criminal proceeding exculpated**

3

Pelletier, in that Captain Gordon stated that Pelletier did not know about the transfer of the cocaine into another vessel bound for Portuguese waters; and that Portugal boarded the Lady Mary without the permission of the flag state, the British Virgin Islands. Counsel also alleged that the testimony of Captain Gordon, which inculpated Pelletier should not be credited. Counsel also reiterated Pelletier's advanced age, his hypertension, his standing in the community, and his offer to provide security and enter a waiver of extradition from Canada. Counsel noted that as soon as Pelletier returned from Portugal to Canada after the seizure of the Lady Mary, he contacted the Royal Canadian Mounted Police and the Portuguese authorities in an effort to cooperate, but that the Portuguese authorities were not interested in his cooperation.

The government argued that the evidence contained in the extradition request, Captain Gordon's statement and other evidence, shows that the cocaine found in the Lady Mary was intended for Portuguese waters. Government counsel also stated that he believed that the extradition request contained a letter from the British Virgin Island agreeing to Portugal's boarding the Lady Mary. The government submitted that this Court should not weigh Captain Gordon's credibility.

IV.  **The Government's Post-Hearing Memorandum**

At the hearing, the undersigned permitted the government to file a memorandum to respond to Pelletier's arguments: 1) that he would execute a waiver of extradition which would be valid in a Canadian court, and 2) regarding dual criminality. The government filed a supplemental response in which the government stated the position of the U.S. Department of Justice, Office of International Affairs, that any waiver of extradition executed by Pelletier in connection with receiving bond in this proceeding would not be recognized as valid by a Canadian Court. In support of this position, the

government attached two letters from the Canadian Department of Justice which state that a wavier of extradition entered into before a foreign court would not satisfy the waiver provision of the Canadian Extradition Act, which would require a new waiver before a Canadian extradition judge after extradition proceedings have been commenced in Canada (DE # 25 at 1; DE # 25-1, DE # 25-2).  The government also attached the letter from the British Virgin Islands granting permissions to board and seize the Lady Mary, and noted where the letter appeared in the extradition package (DE # 25 at 2; DE # 25-3).

IV.  <u>Analysis</u>

Pelletier's motion is denied because he has not shown special circumstances to warrant bond.

Initially, as it is uncontested that there is a presumption against bond in an international extradition, and that bond should only be granted if the prisoner can show special circumstances.  *See Wright v. Henkel*, 190 U.S. 40 (1903); *accord Martin v. Warden*, 993 F.2d 824, 827 (11th Cir. 1993).  This is because in a foreign extradition, the United States is obligated to deliver the person after he is apprehended, and granting bond could make that obligation impossible to fulfill.  *See Wright v. Henkel*, 190 U.S. at 62.  Indeed, a person against whom international extradition is sought is already a fugitive from justice, and the prospect of international extradition is, by itself, a strong incentive to flee.

Pelletier has not shown any special circumstances warranting bond.  He has not shown that he has a substantial probability that he will succeed on the merits.  He has no ties to the community, so he is a flight risk.  He has not shown that he is suffering unduly from his detention.

The undersigned also finds that Pelletier's lack of ties to the community militates

5

against granting bond.  Pelletier states that he is a 71 year old Canadian citizen who is a stable businessman who has lived in Quebec for almost his whole life, and who has lived in the same house for the past twenty years.  He was arrested in the United States in transit, whilst traveling from Canada to the Dominican Republic.  He has no ties at all to the community.  Therefore, many of the cases cited by Pelletier (*see* DE # 6 at 6), in which the individual who sought bond had many ties to the community, are factually distinguishable from the instant situation.  *See United States v. Leitner*, 784 F.2d 159, 160 (2d Cir. 1986) (the individual seeking bond was a United States citizen who lived openly in the Eastern District of New York and had many ties to the community); *In re Aguilar*, DE # 15, Case No. 02-21420-CIV-DUBE (S.D. Fla. Jun. 4, 2002) (Aguilar was a permanent resident of the United States who was living in Miami at the time of his arrest); *Goeveia v. Vokes*, 800 F.Supp 241, 243, fn. 1 (E.D. Pa. 1992) (individual seeking bond was a naturalized United States citizen who lived in the district with his wife and minor children, and owned his own home and business); *United States v. Taitz*, 130 F.R.D. 442, 444 (S.D. Cal. 1990) (individual seeking bond was a permanent resident of the United States, who resided in the district and had substantial family ties in the community).

Furthermore, while Pelletier has offered to execute a waiver of extradition from Canada, it appears that such a waiver would have no effect in a Canadian court, and that if the United States attempted to extradite Pelletier from Canada, Pelletier would have to waive extradition anew in the Canadian proceeding.  *See* DE # 25 at 1, DE # 25-1, DE # 25-2, interpreting Sections 70 through 72 of the Canadian Extradition Act (1999).

At the October 28, 2009 hearing, Pelletier put on no evidence that he is suffering unduly from his detention, or that his medical condition is such that his health is

jeopardized by his detention.

Also at the hearing, Pelletier's counsel abandoned the argument that bond is warranted because the extradition process will be lengthy.  In any event, that argument was without merit.  Pelletier was arrested on August 14, 2009.  The extradition request was timely filed in this Court on October 14, 2009.  Briefing on the extradition request will be complete on November 16, 2009.  On November 17, 2009, the undersigned will conduct a status conference at which the final extradition hearing will be set.  Thus, there is no reason to believe that the extradition process will be lengthy.

In sum, the undersigned finds that Mr. Pelletier has failed to establish that there are any special circumstances which warrant setting conditions of release; on the contrary, the undersigned finds that he presents a substantial risk of flight.  Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Jacques Pelletier's Motion To Set Conditions of Release (DE # 15), is **DENIED**.

**DONE AND ORDERED** at Miami, Florida, on November 16, 2009.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to all counsel of record